

# THE ATTORNEY GENERAL
## OF TEXAS

September 24, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Bill Baumann
Potter County Attorney
303 Courthouse
Amarillo, Texas   79101

Mr. John A. Fairman
Director
Harris County Health Facilities
   Development Corporation
8203 Fawn Terrace
Houston, Texas   77071

Opinion No. JM-794

Re:   Whether meetings of a Health
Facilities Development Corporation
created pursuant to article 1528j,
V.T.C.S., are subject to the
Open Meetings Act, article 6252-17,
V.T.C.S.

Gentlemen:

You ask whether meetings of the board of directors of a Health
Facilities Development Corporation created pursuant to article 1528j,
V.T.C.S., must be held in compliance with the Texas Open Meetings Act,
article 6252-17, V.T.C.S.  The Open Meetings Act applies to every
"meeting" of a "governmental body."  See art. 6252-17, §2(a).  Whether
the corporation is subject to the Open Meetings Act depends on whether
the corporation falls within the act's definition of a "governmental
body."

Section 1(c) of the Open Meetings Act defines a "governmental
body" as

> any board, commission, department, committee, or
> agency within the executive or legislative
> department of the state, which is under the
> direction of one or more elected or appointed
> members; and every Commissioners Court and city
> council in the state, and every deliberative body
> having rulemaking or quasi-judicial power and
> classified as a department, agency, or political
> subdivision of a county or city; and the board of
> trustees of every school district, and every
> county board of school trustees and county board
> of education; and the governing board of every
> special district heretofore or hereafter created
> by law.

In Attorney General Opinion JM-340 (1985), this office indicated that this definition comprises four parts. The first part describes the state-level governmental entities that are subject to the Open Meetings Act. The remaining three parts describe the specific local governmental entities that are subject to the act. For a local level entity to be a "governmental body" within the meaning of section 1(c) of the act it must be included expressly in one of the three specific descriptions of local governmental bodies. Attorney General Opinion JM-340; see Attorney General Opinion JM-183 (1984).

The Health Facilities Development Corporations at issue here are nonprofit public corporations created pursuant to article 1528j, V.T.C.S. The purpose of article 1528j is to enable cities, counties, and hospital districts to create corporations with the power to provide, expand, and improve health facilities to improve the adequacy, cost, and accessibility of health care, research, and education in Texas. Art. 1528j, §1.02. Such corporations have extensive authority, including the authority to issue revenue bonds and notes, to accomplish these purposes. See id; sec. 4.01. An article 1528j corporation can be created only by a "sponsoring entity" -- a city, county, or district as defined in the act. Each corporation must remain under the supervision of its sponsoring entity. Art. 1528j; §4.01(14). Sponsoring entities cannot delegate to article 1528j corporations any sovereign powers of the state or of the sponsoring entity. See id. The corporations have only the powers authorized under article 1528j.

In Attorney General Opinion JM-596 (1986), this office addressed a similar question: whether nonprofit water supply corporations are subject to the Open Meetings Act. Like the corporations at issue in Attorney General Opinion JM-596, the corporations authorized by article 1528j are not entities within the executive or legislative branch of state government. Nor do they fit within the specific local governing entities listed in section 1(c) of the Open Meetings Act. Because an article 1528j corporation cannot exercise delegated governmental functions, it cannot reasonably be characterized as a "department, agency, or political subdivision" of its sponsoring entity, as those terms are used in the Open Meetings Act. See Attorney General Opinion JM-596; see also Attorney General Opinion JM-183 (1984). Nor is a nonprofit public corporation reasonably characterized as a "special district." A special district is a governmental entity, usually with taxing authority, created to provide special rather than general governmental services in a specific locality. See Black's Law Dictionary, 5th ed. Although both special districts and nonprofit public corporations often serve to bypass normal governmental borrowing limits, a nonprofit public corporation cannot ordinarily be characterized as a special district.

Honorable Bill Baumann
Mr. John A. Fairman
Page 3 (JM-794)


Of course, a public corporation's enabling statute may provide expressly that such corporations must comply with the Open Meetings Act. See Attorney General Opinion JM-120 (1983). Article 1528j does not, however, provide that Health Facilities Development Corporations must comply with the Open Meetings Act.

### S U M M A R Y

A Health Facilities Development Corporation created pursuant to article 1528j, V.T.C.S., does not fall within the definition of a "governmental body" under section 1(c) of the Texas Open Meetings Act, article 6252-17, V.T.C.S., and therefore need not comply with the Open Meetings Act.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General